The opinion of the Court was delivered by
O’Neall, J.
The first ground supposes, that the “ log-book” of the ship Martha, was competent evidence. I do not perceive how it can be very well distinguished from the exclusion of the protest, which, according to Cudworth vs. The South Carolina Insurance Company, (4 Rich. 416,) is incompetent evidence.
It has, however, been supposed, that the “log-book,” as memoranda of daily transactions, may be likened to shop-keepers’ books; and, in that respect, might be evidence, when it was shewn that the mate, a person making the entries, was dead, or removed. It is very clear, that the rule of admitting entries, analogous to shop-keepers’ books, has been, of late, constantly narrowed. This would be an extension to an entire new class of cases, and cannot be allowed.
The case of O'Neale vs. Walton, (1 Rich. 234,) cannot help the defendant in this respect. For that case does not make a memorandum made by a witness, at the time of a transaction, evidence of the facts then set down : it only allows the witness *355 to refer to it to refresh his memory. So here, if the mate had been on the stand, he might have referred to the log-book to refresh his memory.
The rule as to the admissibility of entries or declarations made by third persons, underwent the examination of the Court of Appeals in Gilchrist & King vs. Martin & West. (Bail. Eq. 492). From the opinion which I delivered in that case, (in 1831) I extract the following, (page 503) as an exposition of the rule, and which will shew that the log-book could not be received as an entry or declaration.
“ From this view of the cases, I come to the conclusion that, before an entry or declaration can be received in any case, it must appear, first, to have been made without any intent to falsify the fact; second, in cases other than those depending on hearsay, such as pedigree, custom, boundary, and, perhaps, prescription, that it was made against the interest of the party in the subject matter of the entry or declaration ; and, third, that the entry or declaration itself, unless where it is made by a tenant in possession, should be so ancient, as to preclude all suspicion, that it was manufactured for the occasion. And the cases in which entries or declarations are generally admissible, are, first, in aid of, or to repel a legal presumption from lapse of time: second, to give character to an ancient possession, or to make out an ancient title: third, to corroborate, or to repel, a conclusion arising from other testimony as to a long past event or fact: and, fourth, to give character to an actual recent possession, and thereby shew a right of property in a third person.”
The second ground is disposed of as has been already intimated by Cudworth vs. The South Carolina Insurance Company, (4 Rich. 416).
The third ground is one of fact, and the Court sees no reason to suppose that the verdict was wrong. The former decision, (4 Strob. 168) held very properly, that the carrier must shew, that the injury which the plaintiffs' goods received, arose from stress of weather. That there was testimony from which such a conclusion might have been drawn, is true j but it is equally true, *356 that there was equally as much, if not more, that the injury arose from water exuding through the deck, on which the salt was stored.
The motion is dismissed.
Evans, Wardlaw and Frost, JJ. concurred.
Whitner, J. absent.

Motion dismissed.